IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSEPH DAVIS, JR.**                        **PLAINTIFF**

**v.**                   **Civil Action No. 1:10cv23HSO-JMR**

**BANK OF AMERICA CORPORATION, et al.**         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE
STATEMENT, AND GRANTING DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT**

   BEFORE THE COURT is the Motion of Defendants Randall Scott Wells and Maria M. Cobb, to Dismiss or, in the Alternative, for a More Definite Statement [20], pursuant to FED. R. CIV. P. 12.  Also before the Court is the Motion of Defendants Biloxi Public School District, Biloxi Public School Board, Board of Trustees, Dr. Paul A. Tisdale, Superintendent, Biloxi Public School District, Dr. Robert W. Bowles (former Deputy Superintendent of the Biloxi Public School District), Jude McDonnell (former Business Manager of Biloxi Schools), Bonnie Granger (former Business Manager of Biloxi Schools), and Shane Switzer, current Business Manager of Biloxi Schools, individually (collectively "Biloxi School District Defendants"), to Dismiss, or in the Alternative, for Summary Judgment [24], pursuant to FED. R. CIV. P. 12 and 56.  Both Motions are fully briefed.  After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants'

Motions should be granted.

## I. BACKGROUND

Joseph Davis, proceeding *pro se*, filed his Complaint, and later his Amended Complaint, in this matter on January 13, 2010, and April 14, 2010, respectively. He asserts claims grounded in both state and federal law against all Defendants[1] based upon the alleged wrongful garnishment of his wages and termination of his employment from the Biloxi Public School District. Plaintiff alleges that Defendants' wrongdoing

> cause[d] overpayment of account, wrongful incarceration, unjust[ ] garnishment and taking of earned monies, emotional stress, fraud, wrongful termination, obstruction of justice, intimidation, retaliation, libel, slander, evincing intentional acts individually, and under "Color of Law" violating 42 U.S.C.A. Section 1983 depriving the Plaintiff of his Constitutional Rights under the 1st, 4th, 5th, 6th, 7th, 9th and 14th Amendments and violated the Plaintiffs' civil rights under the "Civil Rights Law" to include the Civil Rights Law under Title VII of the Civil Rights Act of 1991 of which Plaintiff, Joseph Davis, Jr., is a class minority secured by the Constitution of the United States of America.

Am. Compl.

Plaintiff's lawsuit appears to be rooted in a 1994 suit by Nationwide Recovery Service, Inc., to collect a credit card debt owed by Plaintiff. Mem. in Supp. of Mot. [21] at p. 2. The 1994 lawsuit was tried by Defendant Wells, who on March 7, 1997, obtained a judgment in favor of Nationwide for a total of $5,927.94, plus post judgment interest. Judgment, attached as Ex. "C" to Defs.' Mot. [20]. Nationwide,

---

[1]In addition to the above named Defendants, Plaintiff's Amended Complaint asserts claims against Nationwide Recovery Service, Inc., Bank of America Corporation, BAC Home Loans Servicing, LP, Coldata, Inc., and John Doe Defendants.

through Defendant Cobb, issued a writ of garnishment to the Biloxi Public School District on September 3, 1998.  Writ of Garnishment, attached as Ex. "F" to Defs.' Mot. [20].  Because another creditor had issued a prior writ of garnishment to the Biloxi Public School District, and because there were no funds available to pay Nationwide due to the prior garnishment, Nationwide voluntarily entered into an Order on January 30, 2001, dismissing its own garnishment.  Mem. in Supp. of Mot. [21] at p. 2-3; Order, attached as Ex. "G" to Defs.' Mot. [20].  Plaintiff avers that the credit card debt was paid in full to a collection agency, Coldata, Inc., on March 3, 1993.  Am. Compl.  Plaintiff was subsequently terminated from his employment with the Biloxi School District on or about September 4, 2003.

Defendants Wells and Cobb now move for dismissal of Plaintiff's claims against them based upon insufficiency of process and service of process, the applicable statutes of limitations, and failure to state claims with sufficient particularity.  The Biloxi School District Defendants move for dismissal of Plaintiff's claims based upon the doctrines of collateral estoppel and *res judicata*, the applicable statutes of limitations, failure to state a claim for which relief can be granted, insufficiency of process and service of process, and failure to provide proper notice of suit pursuant to the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-1, *et seq*.  Because the Court finds that Plaintiff's claims should be dismissed based upon grounds of insufficiency of process and service of process, the doctrine of *res judicata*, and the applicable statutes of limitations, it does not address the remaining grounds urged by Defendants.

II. DISCUSSION

A.   Insufficiency of Process and Service of Process

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) provide that insufficiency of process, and insufficiency of service of process, may support dismissal of a complaint. FED. R. CIV. P. 12(b)(4) ,12(b)(5). Plaintiff attempted service on all moving Defendants, all of whom are in-state, pursuant to certified mail. In this case, whether moving Defendants were properly served is determined by reference to Mississippi Rule of Civil Procedure 4(c)(5)[2], which states that:

> Service by Certified Mail on Person Outside State. In addition to service by any other method provided by this rule, a summons may be served on a *person outside this state* by sending a copy of the summons and of the complaint *to the person* to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint shall be marked *"restricted delivery."* Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

MISS. R. CIV. P. 4(c)(5) (emphasis added).

Service by certified mail on an in-state defendant is "no service at all." *Triple "C" Transport, Inc. v. Dickens*, 870 So. 2d 1195, 1199 (Miss. 2004). "The comment to [Rule 4(c)(5)] provides that '[t]he certified mail procedure is not available to serve a person within the state.'" *Id*. Service of process by certified mail is an "unfortunate

---

[2] FED. R. CIV. P. 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ." Similarly, FED. R. CIV. P. 4(j)(2)(B) provides that a state-created governmental organization, such as the Biloxi School District, which is subject to suit may be served by "serving a copy [of the summons and the complaint] in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

-4-

error which cannot be cured by equitable or 'fairness' arguments." *Id.* at 1198.  The Court concludes that Plaintiff has clearly not properly served either the Biloxi School District Defendants or Defendants Wells and Cobb.  His Amended Complaint should be dismissed on this basis, as well as the others discussed below.

B.      <u>*Res Judicata*</u>

      1.      *Davis' History of Litigation*

This action, which the Court will refer to as *Davis IV*, is the fourth lawsuit in a series of five brought by Plaintiff against the Biloxi School District Defendants.  Plaintiff filed *Davis I* and *Davis II* in the Circuit Court of Harrison County, Mississippi, Second Judicial District, on January 29, 2004, and February 28, 2007, respectively.  These lawsuits were based upon Davis' alleged September 4, 2003, wrongful termination *(Davis I* and *Davis II)* and garnishment of wages *(Davis I)* by the Biloxi School District.  Davis' claims were dismissed on their merits in *Davis v. Biloxi Public School District, et al.*, No. A2402-2004-11 (Miss. Cir. Ct. Harrison Cty. April 19, 2004) (*Davis I*), and based upon the doctrines of collateral estoppel and *res judicata*, as well as the applicable statutes of limitations, in *Davis v. Biloxi Public School District, et al.*, No. A2402-07-36 (Miss. Cir. Ct. Harrison Cty. Nov. 15, 2007) (*Davis II*).  The decisions of the Circuit Court in *Davis I* and *Davis II* were both affirmed by the Mississippi Court of Appeals.  *Davis v. Biloxi Public School District, et al.*, No. 2007-CP-2155, 43 So. 3d 1135 (Miss. Ct. App. Nov. 3, 2009) (affirming *Davis II*); *Davis v. Biloxi Public School District, et al.*, No. 2004-CP-900, 937 So. 2d

459 (Miss. Ct. App. Nov. 22, 2005) (affirming *Davis I*).

Plaintiff and his wife, Gilda Davis, filed *Davis III* in the County Court of Harrison County, Mississippi, Second Judicial District, on May 30, 2007. In dismissing Joseph Davis' claims, the County Court Judge recounted the history of Davis' litigation against the Biloxi School District Defendants:

> This subject case by Joseph Davis, Jr. is the third such attempt premised on his contentions that he was wrongfully discharged from his employment with the Biloxi School District as a teacher aide. The first was filed in 2004 in the Circuit Court for the Second Judicial District of Harrison County, Mississippi. That case which was heard by then Circuit Judge Robert H. Walker was dismissed by Judgment entered April 19, 2004. The Plaintiff, Joseph Davis, Jr. feeling aggrieved from the dismissal of his claims by the Circuit Judge Walker filed an appeal with the Mississippi Supreme Court. The Mississippi Supreme Court referred the case to the Court of Appeals of Mississippi which entered its opinion/decision on December 22, 2005 upholding the Judgment of the Circuit Court of Harrison County finding that the Biloxi School District had the discretion to terminate Joseph Davis, Jr. for any reason in that he was an at will employee and not a licensed teacher or otherwise someone who had a contract for employment. See 937 So. 2d 459. Feeling aggrieved by the determination of the Court of Appeals of Mississippi, Joseph Davis, Jr. sought rehearing by the Court of Appeals, applied for a writ of certiorari to the Mississippi Supreme Court and even petitioned to the United States Supreme Court for certiorari relief–all of which were denied.
>
> Undeterred by his repeated losses in the various appellate courts, Joseph Davis, Jr. again filed a lawsuit against the Biloxi Public School District and its Board of Trustees in the Circuit Court for the Second Judicial District of Harrison County, Mississippi again premised on his asserted wrongful termination plus a variety of other claims which seem to be exactly the same claims raised in the subject case filed in County Court in May of 2007. On November 15, 2007, Circuit Judge Roger T. Clark dismissed the second Circuit Court lawsuit filed by Joseph Davis, Jr. premised on his termination as a teacher aide with the Biloxi Public School District. The claims were dismissed on the grounds of res judicata, collateral estoppel and applicable statute of limitations. See *Joseph Davis, Jr. v. Biloxi Public School District, et al.*, Civil Action No.

      A2402-07-36, Circuit Court of the Second Judicial District of Harrison County, Mississippi.

*Davis, et al. v. Biloxi Public School District, et al.*, No. D2402-07-0342, slip op. at 4-5 (Miss. Cty. Ct. Harrison Cty. Aug. 6, 2008).  The County Court Judge forbade "a third bite from the proverbial apple by Joseph Davis, Jr.," and dismissed his claims pursuant to the doctrines of *res judicata* and collateral estoppel, as well as the applicable statutes of limitations.  *Id.* at 5-6.

      Joseph Davis filed the present lawsuit, *Davis IV*, in this Court on January 13, 2010.  Gilda and Joseph Davis also filed *Davis V* in this Court on April 29, 2010, civil action number 1:10cv172.  Citing to *Davis III*, the Court in *Davis V* dismissed the claims asserted by Joseph Davis, which were again based upon his termination from the Biloxi Public School District, pursuant to the doctrine of *res judicata* and the applicable statutes of limitations.  *Davis, et al. v. Biloxi Public School District, et al.*, No. 1:10cv172, 2011 WL 198124 (S.D. Miss. Jan. 20, 2011) (*Davis V*).

      2.    *The Present Lawsuit (Davis IV)*

      As a threshold matter, the Court evaluates the Biloxi School District Defendants' instant Motion to Dismiss on *res judicata* grounds pursuant to FED. R. CIV. P. 12(b)(6), since the elements of *res judicata* are apparent from the pleadings, *see Kansa Reinsurance Co. v. Mktg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994), and are matters of which the Court may, and does, take judicial notice, *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008).  "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal

under Rule 12(b)(6) is proper." *Hall*, 305 Fed. App'x at 228.

Under the doctrine of *res judicata*, once a judgment is rendered by a court of competent jurisdiction, that judgment is thereafter considered the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). After a final judgment in favor of a defendant, *res judicata* operates as a complete bar to a plaintiff seeking to bring a second suit based upon the same event or series of events, even if the plaintiff asserts additional facts or proceeds under a different legal theory. *Mock v. Epps*, 2006 WL 1050534 at *1 (N.D. Miss. Apr. 20, 2006) (*citing Brown v. Felsen*, 442 U.S. 127, 131 (1979)). In Mississippi, the doctrine of *res judicata* bars the relitigation of all issues tried in a prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit, if four identities are present: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made. *Riley v. Moreland*, 537 So. 2d 1348, 1354 (Miss. 1989) (*quoting Dunaway v. W.H. Hopper & Assocs., Inc.*, 422 So. 2d 749, 751 (Miss. 1982)); *see also Johnson v. Howell*, 592 So. 2d 998, 1002 (Miss. 1991).

Because Plaintiff's claims involve the same subject matter as his previous lawsuits, namely, the termination of his employment with the Biloxi Public School District (*Davis I, II, III,* and *V*), as well as the garnishment of his wages (*Davis I*), there is identity of the subject matter of the action. *See, e.g., Davis V*, 2011 WL

198124, at * 3.  Moreover, because there is only one "body of fact" underlying the claims advanced in Plaintiff's state and federal lawsuits, the second identity is present.  *See, e.g., Davis V*, 2011 WL 198124, at * 4; *see also Black v. City of Tupelo*, 853 So. 2d 1221, 1225 (Miss. 2003) (the "cause of action" identity requires a commonality in the underlying facts and circumstances for which the claim is asserted and relief is sought).  Under this identity, there may exist a number of possible theories of recovery, but only one cause of action.  *Davis V*, 2011 WL 198124, at * 4.

With regard to the third *res judicata* identity, the Biloxi School District Defendants in this lawsuit have each been named as defendants in Plaintiff's prior lawsuits.  However, "[t]o satisfy the identity [of parties] element, strict identity of the parties is not necessary.  A non-party defendant can assert res judicata so long as it is in 'privity' with a named defendant."  *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 236 (Miss. 2005) (*citing Russell v. SunAmerica Secs., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992)).  Some of the Biloxi School District Defendants were not named Defendants in *Davis I*, wherein Plaintiff alleged unjust garnishment of his wages.  It is apparent, however, that by applying the doctrine of *res judicata* to Plaintiff's claims of wrongful termination against these Defendants in *Davis II*, *III*, and *V*, the courts have found these Defendants to be in privity with one another.  Complete identity of the parties to the cause of action therefore exists.

The fourth factor, "identity of the quality or character of a person against whom the claim is made," has not been explicitly defined by the Mississippi

Supreme Court.  *EMC Morg. Corp. v. Carmichael*, 17 So. 3d 1087, 1091 (Miss. 2009).  Nevertheless, the Court finds that because each of the Biloxi School District Defendants has been subjected to Davis' claims in previous lawsuits, and because each is sued here in connection with their affiliation with the School District, the identity of the quality or character of these Defendants is the same.  *See id.*

All four identities necessary for the application of Mississippi's *res judicata* doctrine are present in this case.  In line with the holdings of *Davis II*, *III*, and *V*, the Court concludes that the Biloxi School District Defendants' Motion to Dismiss on the grounds of *res judicata* should be granted.  The claims brought against these Defendants either were, or should have been, included in Plaintiff's prior lawsuits. *See Davis V*, 2011 WL 198124, at * 4*; see also Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 594 (5th Cir. 2006) (Mississippi courts share concurrent subject matter jurisdiction with federal courts in the enforcement of federally created rights). Because Defendants Cobb and Wells do not move for dismissal of Plaintiff's claims on this ground, the Court does not address the application of the doctrine to them.

C.   Statutes of Limitations

All moving Defendants further seek dismissal of Plaintiff's claims as barred by the applicable statutes of limitations.  Because the Court has considered matters outside the pleadings, it will treat the Motions as ones for summary judgment pursuant to FED. R. CIV. P. 56.  *Carson v. Kent*, 24 F.3d 240, at *2 (5th Cir. 1994).

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to

-10-

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," it is important to remember that only those disputes of fact which might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *Id.* (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142,149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment is

appropriate. *Anderson*, 477 U.S. at 249.  The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  *Gaddis v. Smith & Nephew, Inc.,* 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

Joseph Davis was terminated from the Biloxi Public School District on or about September 4, 2003.[3]  Any limitations defense with respect to Plaintiff's wrongful termination claim began running from this date.  Defendants argue that the most recent triggering event as to the alleged wrongful garnishment was January 30, 2001, when an Order issued from the County Court of Harrison County, Mississippi, dismissing the Biloxi School District from the garnishment.  Order, attached as Ex. "15" to Defs.' Mot. [20].  Plaintiff has produced a copy of a check issued to him on February 4, 2004, in the amount of $5,284.65, by the Biloxi Public School District.  Check, attached as Ex. "A" to Pl.'s Resp. [33].  It is not clear what connection this check has to the garnishment which is the subject of Plaintiff's lawsuit.  However, irrespective of whether the Court were to consider February 4, 2004, as the commencement date for Defendants' limitations defense on any wrongful garnishment claim, Davis' claim would nonetheless be barred by the applicable statutes of limitations.

Any tort claim Plaintiff may have had under state law against the Biloxi School District Defendants was required to have been filed within one year of the

---

[3] The Court takes judicial notice of this date pursuant to the findings of *Davis I, II, III,* and *IV*.

date of the tortious conduct pursuant to the Mississippi Tort Claims Act ("MTCA"), MISS. CODE ANN. § 11-46-1, *et seq.*, which governs state law tort claims against Mississippi governmental entities.  Any intentional torts, including those of libel, slander, and wrongful incarceration, asserted against Defendants would also be subject to a one year statute of limitations, MISS. CODE ANN. § 15-1-35.  Any federal claims advanced by Plaintiff pursuant to 42 U.S.C. § 1983 have a three year limitations period, *Giles v. Stokes*, 988 So. 2d 926, 928 (Miss. Ct. App. 2008), as do any claims sounding in fraud or negligence, MISS. CODE ANN. § 15-1-49.  An individual has an even shorter time to file any Title VII discrimination claim in federal court.  *Davis V*, 2011 WL 198124, at * 4 (citing 42 U.S.C. § 2000e-5(f)(1) (a plaintiff must file an administrative charge with the Equal Employment Opportunity Commission ("EEOC") within either 180 or 300 days of the alleged unlawful employment practice, and has 90 days after receiving a right to sue letter to institute a civil action).

Plaintiff filed the present lawsuit in 2010, some six and a half years after his termination in 2003, and almost six years after the last possible event triggering his wrongful garnishment claim.  All claims based upon his alleged wrongful termination and/or garnishment of wages are therefore time-barred by the applicable statutes of limitations.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Randall Scott Wells and Maria M. Cobb should be dismissed, based upon insufficiency of process

and service of process, as well as based upon the applicable statutes of limitations. Plaintiff's claims against the Biloxi School District Defendants should likewise be dismissed based upon insufficiency of process and service of process, the doctrine of *res judicata*, and the applicable statutes of limitations.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion of Defendants Randall Scott Wells and Maria M. Cobb, to Dismiss or, in the Alternative, for a More Definite Statement [20], pursuant to FED. R. CIV. P. 12, should be and hereby is **GRANTED,** and Plaintiff's claims against these Defendants are dismissed with prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion of Defendants Biloxi Public School District, Biloxi Public School Board, Board of Trustees, Dr. Paul A. Tisdale, Superintendent, Biloxi Public School District, Dr. Robert W. Bowles (former Deputy Superintendent of the Biloxi Public School District), Jude McDonnell (former Business Manager of Biloxi Schools), Bonnie Granger (former Business Manager of Biloxi Schools), and Shane Switzer, current Business Manager of Biloxi Schools, individually, to Dismiss, or in the Alternative, for Summary Judgment [24], pursuant to FED. R. CIV. P. 12 and 56, should be and hereby is **GRANTED,** and Plaintiff's claims against these Defendants are dismissed with prejudice.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this case will proceed against the remaining Defendants.  The stay entered on December 6, 2010, is hereby **LIFTED**, and the parties are directed to contact Chief U.S. Magistrate

Judge John M. Roper within fourteen (14) days from the date of this Order in order to schedule a Case Management Conference.

**SO ORDERED AND ADJUDGED**, this the 31st day of March, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE