**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOSEPH DAVIS, JR.**                                                          **PLAINTIFF**

v.                                                          Civil No. 1:10-cv-23-HSO-JMR

**BANK OF AMERICA CORPORATION, et al.**                    **DEFENDANTS**

### ORDER DENYING PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AND DENYING PLAINTIF'S MOTION FOR DEFAULT JUDGMENT

BEFORE THE COURT are Plaintiff Joseph Davis, Jr.'s Application [142] for Entry of Default against Defendant Coldata, Inc. ("Coldata") and Motion for Default Judgment [141] against Coldata. After due consideration of the record, the submissions on file, and relevant legal authorities, the Court finds that Plaintiff's Application [142] and Motion [141] should be denied, and Plaintiff's claims against Coldata should be dismissed with prejudice.

I. BACKGROUND

Joseph Davis, proceeding *pro se*, filed his Complaint, Amended Complaint, and Second Amended Complaint in this matter on January 13, 2010, April 14, 2010, and October 25, 2011, respectively. He asserted claims grounded in both state and federal law against twenty nine Defendants. All Defendants have been dismissed with the exception of Coldata.

Plaintiff's claims against Coldata appear to be rooted in a1994 lawsuit filed by Nationwide Recovery Service, Inc. ("Nationwide"), to collect a credit card debt owed by Plaintiff. Harrison Co. Ct. J. [20-3]. On March 7, 1997, Nationwide

obtained a judgment against Plaintiff for a total of $5,927.94, plus postjudgment interest. *Id.* Nationwide issued a writ of garnishment to Plaintiff's employer, the Biloxi Public School District, on September 3, 1998. Writ of Garnishment [20-6]. Because another creditor had issued a prior writ of garnishment to Plaintiff's employer and because there were no funds available to pay Nationwide due to the prior garnishment, Nationwide voluntarily entered into an Order on January 30, 2001, dismissing its own garnishment. Order [20-7]. Though the Complaint is not clear, Plaintiff appears to aver that the garnishment suit was wrongful because the credit card debt was paid in full to Coldata, a collection agency, on March 3, 1993. The only factual allegation in Plaintiff's Complaint regarding Coldata is as follows:

> I, Joseph Davis, Jr., Plaintiff, Pro Se am a tenured employee in the Biloxi Public School System, did pay Bank of America Card Account Number 4024-0807-3003-1081 on March 3, 1993, in full by, accepting the settlement offer, of the collection agency, Coldata, Inc. and mailing a money order in the amount of $860.02, to the collection agency, Coldata, Inc., 500 Rockaway Ave., Box 2998, Valley Stream, N.Y. 11582.

Pl.'s Sec. Am. Compl. [82] at p. 2.

It is not clear from Plaintiff's Complaint which claims he is directing at Coldata. The Complaint alleges breach of contract, "gross negligence, breach of duty and good faith, unjust enrichment, fraud and intentional misrepresentation, breach of duty of third party (Countrywide Home Loans and BAC Home Loan Servicing, LP), conversion of my escrow funds by not posting to my escrow account,"

"caus[ing] overpayment of account, wrongful incarceration, unjust[] garnishment and taking of earned monies, emotional distress, fraud, wrongful termination, obstruction of justice, intimidation, retaliation, libel, slander, evincing intentional acts individually," "violating 42 U.S.C.A. Section 1983 depriving Plaintiff of his Constitutional Rights under the 1st, 4th, 5th, 6th, 7th, 9th, and 14th Amendments," violation of "Title VII of the Civil Rights Act of 1991," violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), "loss of wages," negligence, and "wilful and reckless disregard for the rights of the Plaintiff."  Pl.'s Sec. Am. Compl. [82] at pp. 1-8.

## II.  DISCUSSION

1.   Plaintiff's Application for Entry of Default Against Coldata

On February 11, 2013, Plaintiff filed the instant Application for Entry of Default [142] against Coldata.  The Clerk, however, previously entered an Entry of Default against Coldata on August 16, 2011, upon Plaintiff's previous Application for Entry of Default [60] filed on August 15, 2011.  Because a Clerk's Entry of Default has already been entered as to Coldata, Plaintiff's present Application for Entry of Default should be denied.

2.   Plaintiff's Motion for Default Judgment Against Coldata

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989).  "[A] defendant's default


does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). Having thoroughly reviewed the record, the Court finds that there is not a sufficient basis in Plaintiff's pleadings to support entry of a default judgment against Coldata.

Plaintiff filed the present lawsuit on January 13, 2010, almost seventeen years after he alleges that he accepted a settlement offer from Coldata to resolve a credit card debt. All of Plaintiff's claims against Coldata are therefore clearly time-barred by the applicable statutes of limitations. Any intentional torts would be subject to a one year statute of limitations. MISS. CODE ANN. § 15-1-35. Any federal claims advanced pursuant to 42 U.S.C. § 1983 have a three year limitations period. *Giles v. Stokes*, 988 So. 2d 926, 928 (Miss. Ct. App. 2008). Plaintiff's claims sounding in fraud, negligence, and breach of contract are also subject to a three year limitations period. MISS. CODE ANN. § 15-1-49. TILA claims are subject to a one year limitations period. 15 U.S.C. § 1640(e). RESPA claims are subject to either a one or three year limitations period. *Snow v. First Am. Title Ins. Co.,* 332 F.3d 356, 359 (5th Cir. 2003). Though it does not appear that Plaintiff was employed by Coldata, any state claim for wrongful termination would be subject to a one year limitations period. MISS. CODE ANN. § 15-1-29. An individual has an even shorter time to file a Title VII discrimination claim. *Davis v. Biloxi Pub. Sch. Dist.,* No.

1:10-cv-172, 2011 WL 198124, *4 (S.D. Miss. Jan. 20, 2011)(citing 42 U.S.C. § 2000e-5(f)(1))(a plaintiff must file an administrative charge with the Equal Employment Opportunity Commission within either 180 or 300 days of the alleged unlawful employment practice and has 90 days after receiving a right to sue letter to institute a civil action).  Because all of Plaintiff's claims against Coldata are clearly time-barred, there is not a sufficient basis in the pleadings for a default judgment to be entered against Coldata.  Plaintiff's Motion for Default Judgment [141] should be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Joseph Davis, Jr.'s Application [142] for Entry of Default against Defendant Coldata, Inc. is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Joseph Davis, Jr.'s Motion for Default Judgment [141] against Coldata, Inc. is **DENIED**, and Plaintiff's claims against Coldata, Inc. are dismissed with prejudice.

**SO ORDERED AND ADJUDGED**, this the 22nd day of February, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE